OLAVI DUNNE LLP
Daniel P. Hipskind, CA State Bar No. 266763
Dorian S. Berger, CA State Bar No. 264424
1880 Century Park East, Ste. 815
Los Angeles, California 90025
Telephone: 213-516-7900
Facsimile: 213-516-7910
Email: dhipskind@olavidunne.com
Email: dberger@olavidunne.com

OLAVI DUNNE LLP
Matt Olavi, CA State Bar No. 265945
Brian J. Dunne, CA State Bar No. 275689
816 Congress Ave., Ste. 1620
Austin, Texas 78701
Telephone: 512-717-4485
Facsimile: 512-717-4495
E-mail: molavi@olavidunne.com
E-mail: bdunne@olavidunne.com

*Attorneys for Plaintiffs and the Proposed Class*

OLAVI DUNNE LLP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDMUND PIETZAK AND ERIN HUDSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>                    Plaintiffs,<br><br>  **v.**<br><br>**MICROSOFT CORPORATION AND HELLOWORLD, INC.,**<br><br>                    Defendants | **Case No. 2:15-CV-05527-R-JEM**<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge: Hon. Manuel L. Real<br>Hearing Date: June 6, 2016<br>Time:  10:00 a.m.<br>Location: Courtroom 8 |

# TABLE OF CONTENTS

I.      INTRODUCTION…………………………………………………….. 1

II.     THE TELEPHONE CONSUMER PROTECTION ACT........................... 3

III.    BACKGROUND ................................................................................. 5

IV.     ARGUMENT ..................................................................................... 8

    A.   Legal Standard.......................................................................... 8

    B.   The Proposed Class Is Adequately Defined And Ascertainable. ........... 10

    C.   The Proposed Class Satisfies the Requirements of Rule 23(a). ............. 10

    D.   The Requirements of Rule 23(b)(2) and/or 23(b)(3) Are Satisfied. ...... 13

        a)  Questions of law and fact predominate .................................. 14

        b)  A class action is superior to individual suits.......................... 14

    E.   Appointment of Class Counsel. ................................................. 15

V.      CONCLUSION .......................................................................... 15

Olavi Dunne LLP

# TABLE OF AUTHORITIES

**Cases**

*Agne v. Papa John's Int'l,*
   286 F.R.D. 559 (W.D. Wash. 2012) ...........................................9, 10, 12, 15

*Amchem Prods., Inc. v. Windsor,*
   521 U.S. 591 (1997).................................................................. 1, 8, 14

*Amgen Inc. v. Conn. Ret. Plans & Trust Funds,*
   133 S. Ct. 1184 (2013) ............................................................................. 9

*Bateman v. Am. Multi-Cinema, Inc.,*
   623 F.3d 708 (9th Cir. 2010) ................................................................... 8

*Bellows v. NCO Fin. Sys., Inc.,*
   2008 U.S. Dist. LEXIS 114451 (S.D. Cal. Sept. 5, 2008) ...................... 15

*Birchmeier v. Caribbean Cruise Line, Inc.,*
   302 F.R.D. 240 (N.D. Ill. 2014) ............................................................... 9

*Chamberlan v. Ford Motor Co.,*
   402 F.3d 955 (9th Cir. 2005) ................................................................... 8

*Comcast v. Behrend,*
   133 S. Ct. 1426 (2013)............................................................................. 8

*E. Tex. Motor Freight Sys., Inc. v. Rodriguez,*
   431 U.S. 395 (1977) ............................................................................... 12

*Ellis v. Costco Wholesale Corp.,*
   657 F.3d 970 (9th Cir. 2011). ................................................................ 12

*Glazer v. Whirlpool Corp.,*
   722 F.3d 838 (6th Cir. 2013) ................................................................... 9

*Gulf Oil Co. v. Bernard,*
   452 U.S. 89 (1981)................................................................................... 8

*Johns v. Bayer Corp.,*
   280 F.R.D. 551 (S.D. Cal. 2012) ............................................................. 8

*Keegan v. Am Honda Motor Co.,*
   284 F.R.D. 504 (C.D. Cal. 2012).......................................................... 10

*Landsman & Funk PC v. Skinder-Strauss Assocs.,*
   640 F.3d 72 (3d Cir. 2011) ...................................................................... 9

*Mazza v. Am. Honda Motor Co.,*
   666 F.3d 581 (9th Cir. 2012) ................................................................. 11

*Meyer v. Bebe Stores, Inc.,*
   2015 WL 431148 (N.D. Cal. Feb. 2, 2015) ............................................. 4

OLAVI DUNNE LLP

MOTION FOR CLASS CERTIFICATION

*Meyer v. Portfolio Recovery Assocs., LLC,*
    707 F.3d 1036 (9th Cir. 2012) ...................................................... 1

*Mims v. Arrow Fin. Servs. LLC,*
    132 S. Ct. 740 (2012) .............................................................. 1, 3

*Mitchem v. Ill. Collection Serv.,*
    271 F.R.D. 617 (N.D. Ill. 2011) .................................................. 9

*O'Connor v. Boeing N. Am., Inc.,*
    184 F.R.D. 311 (C.D. Cal. 1998) ............................................... 10

*Parkinson v. Hyundai Motor Am.,*
    258 F.R.d. 580 (C.D. Cal. 2008) ............................................... 10

*Rannis v. Recchia,*
    380 F. App'x 646 (9th Cir. 2010) .............................................. 11

*Rodriguez v. Hayes,*
    591 F.3d 1105 (9th Cir. 2010) .................................................. 13

*Satterfield v. Simon & Schuster, Inc.,*
    569 F.3d 946 (9th Cir. 2009) ..................................................... 3

*Smith v. Univ. of Wash. Law School,*
    233 F.3d 1188 (9th Cir. 2000) .................................................. 13

*Turcios v. Carma Laboratories, Inc.,*
    296 F.R.D. 638 (C.D. Cal. 2014) ............................................... 11

*Vinole v. Countrywide Home Loans, Inc.,*
    571 F.3d 935 (9th Cir. 2009) .................................................... 15

*Wal-Mart Stores, Inc. v. Dukes,*
    131 S. Ct. 2541 (2011) ........................................................... 8, 11

*Wang v. Chinese Daily News,*
    2013 U.S. App. LEXIS 18245 (9th Cir. Sept. 3, 2013) .............. 13

*Wolin v. Jaguar Land Rover N. Am., LLC,*
    617 F.3d 1168 (9th Cir. 2010) ............................................... 8, 12

**Statutes**

47 C.F.R. § 64.1200(a)(2) ............................................................. 4

**Other Authorities**

Newberg on Class Actions (3d ed. 1992) ..................................... 11

Mignon Clyburn, FCC Commissioner, *Re: In the Matter of Rules and Regulations
    Implementing the Telephone Consumer Protection Act of 1991*, CG Docket
    No. 02-278, WC Docket No. 07-135 .......................................... 4

OLAVI DUNNE LLP

**Rules**

Fed. R. Civ. P. 23 ................................................................ 2, 8, 9, 10
Fed. R. Civ. P. 23(a)................................................................ 11, 12
Fed. R. Civ. P. 23(b) ............................................................ 9, 13, 14
Fed. R. Civ. P. 23(g) .................................................................... 15

OLAVI DUNNE LLP

MOTION FOR CLASS CERTIFICATION

# I.   **INTRODUCTION**

Plaintiffs Edmund Pietzak and Erin Hudson (collectively, "Plaintiffs") bring this Telephone Consumer Protection Act ("TCPA") action against Defendants Microsoft Corporation ("Microsoft") and HelloWorld, Inc. ("HelloWorld") to recover damages and seek to stop Defendants from continuing to violate consumers' privacy by sending marketing text messages to consumers' mobile telephones without consumers' prior written consent.  Congress enacted the 44 U.S.C. § 227 (the TCPA) to prevent companies from "escaping state-law prohibitions on intrusive nuisance calls" by operating interstate.  *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740, 745 (2012).  Plaintiffs bring this case on behalf of themselves and all those similarly situated who received marketing Short Message Service ("SMS") text messages from Defendants.  Plaintiffs allege that these text messages violate the TCPA.

This case is in its earliest stages, and as such, Plaintiffs have been precluded from obtaining discovery from Defendants.[1]  Regardless, both the United States Supreme Court and the Ninth Circuit have held that the class certification requirements are "readily met" in consumer protection cases where, as here, common factual questions necessarily center upon Defendants' course of conduct. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997).  The Ninth Circuit has previously found TCPA cases appropriate for class certification.  *See, e.g., Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1041 (9th Cir. 2012).

---

[1] Discovery did not open until October 20, 2015, and no Scheduling Order or Protective Order have been entered; Plaintiffs have not had the opportunity to obtain discovery from Defendants.  Accordingly, Plaintiffs have noticed the hearing for June 6, 2016, so that the parties may conduct discovery connected with class certification before briefing on the Motion concludes.  After Plaintiffs have obtained discovery, Plaintiffs will supplement the record, if necessary.

OLAVI DUNNE LLP

As described below, this case involves a consumer protection claim against two Defendants working together to execute a single advertising campaign on behalf of Defendant Microsoft.  This advertising campaign involved the harvesting of thousands of consumer mobile telephone numbers through misleading social media posts and repeatedly sending marketing text messages to those consumers' mobile telephone numbers without the consumers' prior written consent.  The TCPA claims arise from Defendants' single, uniform marketing practice, and this case involves the application of a single federal statute – the TCPA.

Certification of the proposed class would further Federal Rule of Civil Procedure 23's goals of efficiency and fairness.  The claims at issue in this case involve common questions of law and fact that predominate over individual issues.  The claims, therefore, should only be adjudicated at once, in a single proceeding, rather than in potentially thousands of separate suits across the country, potentially requiring multiple trials with the same Defendants and the same evidence.  Even more troublesome is the fact that the practical reality is that the modest damages to which each individual is entitled likely means that, but for class certification, most or all affected members of the proposed class would never have an opportunity for redress in any forum.  A class action is the only way to ensure the fair and efficient litigation of these claims.

Plaintiffs respectfully request that the Court grant them class certification and appoint their undersigned counsel Class Counsel pursuant to Federal Rule of Civil Procedure 23.  Plaintiffs respectfully request that the Court certify the following class:

> All persons in the United States and its Territories who have not provided prior express written consent for Defendants to send marketing SMS messages through a Microsoft internet web form, but who received one or more unauthorized marketing SMS messages on behalf of Defendant Microsoft after sending a SMS text message of one or more of the following keywords:

"GAMER," "HAPPY," "HALO," "SURPRISE," "SOCIAL," "PLAY," "WALDEN," "EVENTS," OR "MSHS" to SMS short code 29502 on or after October 16, 2013.[2]

It is possible that the proposed class definition will change with the filing of Plaintiffs' First Amended Complaint (*See* Dkt. No. 22) and/or after discovery defines the precise contours of the classes and the text messages that were sent, and Plaintiffs reserve the right to amend the proposed definition if necessary.

Plaintiffs also request that the Court appoint named Plaintiffs Edmund Pietzak and Erin Hudson as Class Representatives of the proposed Class and appoint their counsel at the law firm Olavi Dunne LLP as Class Counsel.

## II.     **THE TELEPHONE CONSUMER PROTECTION ACT**

The Supreme Court has explained that Congress enacted the TCPA to prevent automated and prerecorded calls by companies that escaped state invasion of privacy and nuisance statutes by operating interstate. *Mims*, 132 S. Ct. at 745. The *Mims* Court noted that "'automated or prerecorded telephone calls' made to private residences . . . were rightly regarded by recipients as 'an invasion of privacy.'" *Id.* (citing 105 Stat. 2394). The protections of the TCPA not only extend to landline telephones in homes, but they extend to text message calls sent to mobile telephones. *See, e.g., Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 953 (9th Cir. 2009). The *Simon & Schuster* Court stated:

> Congress has delegated the FCC with the authority to make rules and regulations to implement the TCPA. *See* 47 U.S.C. § 227(b)(2). Pursuant to this authority, the FCC stated, "We affirm that under the TCPA, it is unlawful to make *any call* using an automatic telephone dialing system or an artificial or prerecorded message to any wireless telephone number. Both the statute and our rules prohibit these calls, with limited exceptions . . . ." ***This***

---

[2] As referenced above, this motion is being filed at the present time due to the requirement of Local Rule 23-3. Plaintiffs anticipate a modification to the current class definition in its forthcoming First Amended Complaint, which will be filed on or before November 16, 2015. (Dkt. No. 22.)

OLAVI DUNNE LLP

***encompasses both voice calls and text calls to wireless numbers***,
including short message service (SMS) calls . . . ."
*Id.* (emphasis added).

The overarching purpose of the TCPA is not directed at a single method of
sending commercial calls to consumers without proper consent, it is to protect
consumers' privacy interests.  *See id.* at 954 ("The purpose and history of the
TCPA indicate that Congress was trying to prohibit the use of ATDSs to
communicate with others by telephone in a manner that would be an invasion of
privacy.").  Abuses of consumers' privacy through the sending of autodialed
marketing calls and text messages remains a significant problem.  The Federal
Communications Commission ("FCC"), which is "tasked with . . . implementing
regulations for the TCPA" heightened the standard for obtaining consumer
consent to send these commercial calls and text messages to consumers.  *See*
*Meyer v. Bebe Stores, Inc.*, Case No. 14-cv-00267-YGR, 2015 WL 431148, at *3
(N.D. Cal. Feb. 2, 2015) (noting that the FCC "added an express *written* consent
requirement to the case of messages 'that include[] or introduce[] an
advertisement or constitute[] telemarketing,' which went into effect on October
16, 2013") (citing 47 C.F.R. § 64.1200(a)(2)) (emphasis in original).  Prior to
October 16, 2013, "the TCPA required prior express consent for covered text
messages;" however, after that date, "such consent had to be in writing . . . ."
*Meyer*, 2015 WL 431148, at *3.  *See also* Mignon Clyburn, FCC Commissioner,
*Re: In the Matter of Rules and Regulations Implementing the Telephone*
*Consumer Protection Act of 1991*, CG Docket No. 02-278, WC Docket No. 07-
135 ("It's simple: consumers should be able to make the decision about whether
they receive automated calls.  If they want them, they can consent.  And if they
don't consent, they should be left alone.").

OLAVI DUNNE LLP

4

## III.     BACKGROUND

In an effort to advertise products and services for Defendant Microsoft's Microsoft Store and Xbox products and services, Microsoft and one of its marketing partners, HelloWorld, engage in marketing practices wherein they post solicitations on popular social media websites, such as Facebook, Twitter, Instagram, and YouTube that ask consumers to send an SMS text message to SMS short code 29502 with various keywords.  (Dkt. No. 1 at ¶ 1.)  An example of one of the social media posts is shown below in Figure 1.  (Dkt. No. 1 at ¶ 74.)



**Figure 1: Example Facebook Post Soliciting Consumers To Send A Text Message To Short Code 29502.**

As Figure 1, above, shows, Defendants' social media posts do not disclose that, by sending a text message to the SMS short code operated by Defendants (*i.e.*, the 29502 number included in the post), consumers' mobile telephone numbers would be stored by Defendants for the purpose of later sending advertisements directly to consumers' mobile phones.  (Dkt. No. 1 at ¶ 3.)  Rather, consumers are lured into sending a text message to the SMS code operated by Defendants with the opportunity to win a prize or obtain special offers.  (Dkt. No. 1 at ¶¶ 85-88.)

MOTION FOR CLASS CERTIFICATION

OLAVI DUNNE LLP

Consumers sending a text message in response to Defendants' social media solicitations believe they will receive information relating to special discounts and offers to purchase products not otherwise available from Defendant Microsoft. (Dkt. No. 1 at ¶ 60.)  For example, referencing Figure 1, above, a consumer sending a text message to 29502 with the keyword "HALO" would reasonably assume he or she is entering a contest to win an Xbox One console, as is advertised in Defendants' Facebook post.  Nowhere in Defendants' social media posts do Defendants state that, by sending a text message to Defendants' SMS short code, 29502, consumers agree to receive repeated marketing text messages directly to consumers' mobile telephones.  (Dkt. No. 1 at ¶ 84.)  At no point in this process do Defendants obtain consumers' prior written consent to receive repeated marketing text messages directly on their mobile telephones.  (Dkt. No. 1 at ¶¶ 100, 103.)

After Defendants successfully obtain consumers' mobile telephone numbers through the deceptive social media posts described above, Defendants indefinitely store the consumers' mobile telephone numbers for the purpose of sending repeated marketing text messages to consumers.  (Dkt. No. 1 at ¶ 62.)  Defendants then engage in the marketing practice of repeatedly sending commercial text messages advertising Microsoft Store and Microsoft Xbox products and services. An example of one such text message sent to consumers is shown below in Figures 2 and 3.  (Dkt. No. 1 at ¶¶ 87, 98.)

MOTION FOR CLASS CERTIFICATION



**Figure 2: Advertising Text Message Sent By Defendants To Consumers Who Previously Sent A Text Message To Defendants' SMS Short Code 29502.**



**Figure 3: Advertising Text Message Sent By Defendants To Consumers Who Previously Sent A Text Message To Defendants' SMS Short Code 29502.**

Defendants send marketing text messages such as those shown above in Figures 2 and 3 *en masse* to thousands of recipients at a time using automatic telephone dialing systems ("ATDS").  In today's culture, people are constantly interacting with their mobile telephones; therefore, marketing practices such as

7

Defendants' that send messages directly to consumers' telephones are especially intrusive and invasive.  (Dkt. No. 1 at ¶¶ 26, 33, 43, 46, 48.)

## IV.    ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 23 governs class certification.  The purpose of Rule 23 is to provide for the efficient administration of justice – the class action mechanism allows large numbers of claims involving the same core issues to proceed in the aggregate to allow significant numbers of claimants to obtain relief where the relief to any single claimant makes litigation infeasible.  "Class actions serve an important function in our system of civil justice." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 (1981).

Class actions such as this one that arise from a single course of conduct that affects large numbers of consumers are particularly amenable to class certification.  *Amchem*, 521 U.S. at 625; *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168 (9th Cir. 2010); *Chamberlan v. Ford Motor Co.*, 402 F.3d 955, 962 (9th Cir. 2005); *Johns v. Bayer Corp.*, 280 F.R.D. 551, 555-56 (S.D. Cal. 2012) (class actions that encourage compliance with consumer protection laws are "desirable and should be encouraged").

The Court has considerable discretion in making class certification decisions.  *See Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 712 (9th Cir. 2010) (a district court is in the best position to consider the most fair and efficient procedure for litigation).  The Court, however, must conduct a "rigorous analysis" to determine whether the putative class satisfies Rule 23's requirements.  *Comcast v. Behrend*, 133 S. Ct. 1426, 1432 (2013); *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).  However, the United States Supreme Court cautions "district courts to consider at the class certification stage only those matters relevant to deciding if the prerequisites of Rule 23 are satisfied." *Glazer v.*

MOTION FOR CLASS CERTIFICATION

OLAVI DUNNE LLP

*Whirlpool Corp.*, 722 F.3d 838, 851-52 (6th Cir. 2013) (citing *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1194-95 (2013)).

Under Rule 23, the party seeking certification must first demonstrate that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims and defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).  The party seeking certification must then show that at least one of the following three conditions is satisfied: (1) the prosecution of separate actions would create a risk of: (a) inconsistent or varying adjudications, or (b) individual adjudications dispositive of the interests of other members not a party to the adjudications dispositive of the interests of other members not a party to those adjudications; (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class; or (3) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Fed. R. Civ. P. 23(b).  The class here is appropriate for certification because the proposed class satisfy each requirement of Rule 23(a) and at least one of Rule 23(b)(2) and/or Rule 23(b)(3).  Due to the nearly identical issues common to all class members, TCPA cases are routinely certified as class actions.  *See, e.g.*, *Birchmeier v. Caribbean Cruise Line, Inc.*, 302 F.R.D. 240, 245 (N.D. Ill. 2014); *Agne v. Papa John's Int'l*, 286 F.R.D. 559, 566 (W.D. Wash. 2012); *Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 92-95 (3d Cir. 2011) (overturning denial of class certification); and *Mitchem v. Ill. Collection Serv.*, 271 F.R.D. 617, 620 (N.D. Ill. 2011).  This case similarly warrants class certification.

MOTION FOR CLASS CERTIFICATION

**B. The Proposed Class Is Adequately Defined And Ascertainable.**

Although not specifically recited in Rule 23, Courts have held that the proposed class definition must be adequately defined to proceed. *See, e.g., Keegan v. Am Honda Motor Co.*, 284 F.R.D. 504, 521 (C.D. Cal. 2012). A class definition is adequate if it is "precise, objective and presently ascertainable," meaning that it is sufficiently definite for the court to determine whether a particular individual is a member. *Id.* (quoting *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998)). A class definition that relies on objective, verifiable criteria satisfies the ascertainability requirement. *See Keegan*, 284 F.R.D. at 521; *Parkinson v. Hyundai Motor Am.*, 258 F.R.d. 580, 594 (C.D. Cal. 2008). A defendant's argument that identifying class members "may be difficult" is not sufficient to preclude a finding that a TCPA class is ascertainable. *Agne*, 286 F.R.D. at 566 (finding the class ascertainable).

The proposed Class here is relies on objective criteria verifiable through Defendants' documents. For example, Defendants' documents will identify those individuals who sent text messages with the keywords enumerated in the Class definition to short code 25902. Further, Defendants' documents will indicate who many advertising text messages each mobile telephone number received from Defendants. Finally, Defendants' documents will show which consumers Defendants provided prior ***written*** consent, which will exclude those consumers from the proposed Class. Nothing in this class definition turns on the state of mind of the class members or other subjective criteria, and the class is not defined in terms of success on the merits of a TCPA claim; therefore, the ascertainability requirement is met here.

**C. The Proposed Class Satisfies the Requirements of Rule 23(a).**

     1. <u>Numerosity</u>

Before a class can be certified, the Court must determine that it is "so numerous that joinder of all members is impracticable." *See* Fed. R. Civ. P.

23(a)(1).  Here, on information and belief,[3] Defendants' marketing text messages were sent to at least 40 recipients, with the actual number likely thousands.  *See, e.g., Rannis v. Recchia*, 380 F. App'x 646, 650-51 (9th Cir. 2010) (certifying class of 20 members and stating that a class of 40 usually satisfies the numerosity requirement).  For example, the Microsoft Store Twitter account has over 815,000 "followers," many of whom receive Defendants' solicitations.  (Dkt. No. 1 at ¶ 113.)  "Courts . . . have held that [w]here the exact size of the class is unknown but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied." *Turcios v. Carma Laboratories, Inc.*, 296 F.R.D. 638, 645 (C.D. Cal. 2014) (internal quotation marks and citations omitted).  "[T]he court may assume sufficient numerousness where reasonable to do so in the absence of a contrary showing by defendant . . . ." 2 Newberg on Class Actions (3d ed. 1992), § 7.22.A.  For this reason, the proposed class meets the numerosity requirement.

　　　　2.  Commonality

　　　　Rule 23(a) also requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).  Commonality is satisfied where common questions are capable of generating common answers that will drive the resolution of the litigation.  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. at 2551.  Commonality is a "limited burden:" there need only be on common question to certify a class. *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012).

　　　　Here, the commonality requirement is satisfied because Plaintiffs and members of the proposed class received the same marketing text messages from

[3] Plaintiffs have not yet had the opportunity to obtain discovery on this issue; however, given the nationwide nature of Defendants' marketing campaign and the hundreds of thousands of Twitter "followers," Plaintiffs believe the class comprises far more than 40 members. After discovery is obtained from Defendants, Plaintiffs will supplement the record on this issue.

the same Defendants using the same ATDS technology.  *See, e.g., Agne*, 286
F.R.D. at 567.

### 3. Typicality

The third requirement of Rule 23(a) is that "the claims or defenses of the
representative parties are typical of the claims or defenses of the class."  Fed. R.
Civ. P. 23(a)(3).  The typicality requirement is satisfied where all class members
were at risk of being subjected to the same harmful conduct, regardless of
individual circumstances of some class members.  *See Ellis v. Costco Wholesale
Corp.*, 657 F.3d 970, 984 (9th Cir. 2011).  The interests and claims of named
Plaintiffs and class members need not be identical; they must merely be based
upon the same legal theory.  *Id.*

In this case, Defendants have subjected all class members to the same
unlawful conduct (*i.e.*, unconsented-to marketing text messages) providing a
common basis for Plaintiffs' and class members' legal claims and damages.
Accordingly, the typicality requirement is satisfied here.

### 4. Adequacy of Representation

The final requirement of Rule 23(a) is that the class representative must
"fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).
Courts analyze two factors to determine whether the adequacy of representation
prong is satisfied: (1) whether the named Plaintiff and his or her counsel have any
conflicts of interest with other class members, and (2) whether the named Plaintiff
and his or her counsel will vigorously prosecute the action on behalf of the class.
*See E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977);
*Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010).
Factual differences in the merits of a named Plaintiff's underlying claims do not
affect their ability to vigorously represent the class.  *Wolin*, 617 F.3d at 1175.

The interests of the named Plaintiffs in this case are aligned with those of
the members of the proposed class because they all suffered from receiving the

same unconsented-to marketing text messages from the Defendants.  Mr. Pietzak and Ms. Hudson – the named Plaintiffs – have been fully engaged throughout every stage of the case and stand prepared to respond to discovery requests and make themselves available for deposition.  Finally, Plaintiffs' counsel are experienced attorneys with success in the field of consumer class actions.  (Hipskind Decl.[4] at ¶¶ 2, 4.) Plaintiffs' counsel are adequate for the proposed class.  Thus, the adequacy of representation requirement is satisfied.

**D. The Requirements of Rule 23(b)(2) and/or 23(b)(3) Are Satisfied.**

The proposed class in this case satisfies the requirements of both Rule 23(b)(2) and 23(b)(3).  A class may be certified under both.  *Smith v. Univ. of Wash. Law School*, 233 F.3d 1188, 1196 (9th Cir. 2000).

1. Certification Under Rule 23(b)(2) Is Warranted

Rule 23(b)(2) requires Plaintiffs to show that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  In determining whether certification is appropriate under Rule 23(b)(2), a Court must "look at whether class members seek uniform relief from a practice applicable to all of them."  *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010).  Certification under Rule 23(b)(2) is warranted if "a single injunction or declaratory judgment would provide relief to each member of the class."  *Wang v. Chinese Daily News*, Case No. 08-55483, 2013 U.S. App. LEXIS 18245, at *12-13 (9th Cir. Sept. 3, 2013) (internal citations and quotations omitted).

Here, Defendants have acted or refused to act on grounds that apply equally to Plaintiffs and all members of the proposed class.  Defendants sent the same or

---

[4] The Declaration of Daniel P. Hipskind in support of Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (hereinafter, "Hipskind Decl.") is filed concurrently herewith.

substantially similar commercial text messages to consumers without their express written consent.  A single result (*i.e.*, an injunction preventing Defendants from transmitting marketing text messages without express written consent) would provide relief to every member of the proposed class.  Plaintiffs seek an injunction to protect consumers going forward.

2.  <u>Certification Under Rule 23(b)(3) Is Warranted</u>

Rule 23(b)(3) requires Plaintiffs to show that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3)

**a)  Questions of law and fact predominate**

Rule 23(b)(3) requires that common questions of law or fact predominate over individual questions.  The United States Supreme Court has explained that the Rule 23(b)(3) "inquiry trains on the legal or factual questions that qualify each class member's case as a genuine controversy," with the purpose being to determine whether a proposed class is "sufficiently cohesive to warrant adjudication by representation."  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997).  As discussed above, common factual and legal issues predominate because the same marketing text messages were sent to the members of the class, and that uniform conduct violated the same federal statute.  There are very few individualized issues present in this case.  Under the TCPA, there is no reliance requirement, and the question of the number of text messages sent and received can be proven easily on a class-wide basis and is not subject to individual proof.

**b)  A class action is superior to individual suits**

"The class action procedure is the superior mechanism for dispute resolution in this [TCPA] matter.  The alternative mechanism, permitting individual lawsuits for a small statutory penalty, would be costly and duplicative." *Bellows v. NCO Fin. Sys., Inc.*, Case No. 3:07-CV-1413, 2008 U.S. Dist. LEXIS

OLAVI DUNNE LLP

14

114451, at *8 (S.D. Cal. Sept. 5, 2008).  The statutory damages provisions of the TCPA are "not sufficient to compensate the average consumer for the time and effort that would be involved in bringing a small claims action against a national corporation." *Agne*, 286 F.R.D. at 571.  Practically speaking, the only means by which the proposed class members' claims at issue in this case will be heard is by class action.

Further, if the individual class members were forced to litigate their claims one by one, they would unnecessarily burden court systems across the nation. "The overarching focus remains whether trial by class representation would further the goals of efficiency and judicial economy." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 946 (9th Cir. 2009).  Individual lawsuits, if pursued, would result in duplicative trials involving the same evidence and the same legal claims, increasing overall litigation costs and creating a high risk of inconsistent rulings.  Class certification under Rule 23(b)(3) is appropriate.

**E. Appointment of Class Counsel.**

Plaintiffs request that Olavi Dunne LLP be appointed as Class Counsel for this action.  Rule 23(g)(1) states that "a court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g)(1).  The proposed class members here are represented by counsel with extensive experience in highly complex litigation matters involving technology and consumer class actions, and who have committed to provide more than sufficient resources to prosecuting this case.  *See* Hipskind Decl. at ¶¶ 2-7.)

**V.    CONCLUSION**

For the reasons discussed herein, Plaintiffs' motion for class certification should be granted, Plaintiffs Edmund Pietzak and Erin Hudson should be appointed Class Representatives, and Plaintiffs' counsel Olavi Dunne LLP should be appointed Class Counsel.

Dated: October 30, 2015

Respectfully submitted,

/s/  Daniel P. Hipskind

Daniel P. Hipskind (CA SB No. 266763)
Dorian S. Berger (CA SB No. 264424)
OLAVI DUNNE LLP
1880 Century Park East, Ste. 815
Los Angeles, CA 90067
Telephone: 213-516-7900
Facsimile: 213-516-7910
E-mail: dhipskind@olavidunne.com
E-mail: dberger@olavidunne.com

Matt Olavi (CA SB No. 265945)
Brian J. Dunne (CA SB No. 275689)
OLAVI DUNNE LLP
816 Congress Ave., Ste. 1620
Austin, Texas 78701
Telephone: 512-717-4485
Facsimile: 512-717-4495
E-mail: molavi@olavidunne.com
E-mail: bdunne@olavidunne.com

*Attorneys for Plaintiffs and the Proposed Class*

OLAVI DUNNE LLP

MOTION FOR CLASS CERTIFICATION

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that, on October 30, 2015, I caused the foregoing document to be served on all counsel of record by the Court's CM/ECF electronic filing system.

*/s/ Daniel P. Hipskind*
Daniel P. Hipskind

OLAVI DUNNE LLP