JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EDMUND PIETZAK AND ERIN HUDSON,      )   CASE NO.  CV 15-5527-R
individually and on behalf of all others           )
similarly situated,                                          )
                                                                 )   ORDER GRANTING DEFENDANT
                                                                 )   MICROSOFT'S MOTION TO DISMISS
                        Plaintiffs,                          )   AND DEFENDANT HELLOWORLD'S
                                                                 )   JOINDER
                                                                 )
          v.                                                   )
                                                                 )
MICROSOFT CORPORATION AND           )
HELLOWORLD, INC.,                              )
                                                                 )
                        Defendants.                        )
                                                                 )

Before the Court are Defendant Microsoft's Motion to Dismiss and Defendant

HelloWorld's Joinder to Defendant Microsoft's Motion to Dismiss, which were filed on

September 23, 2015. Having been briefed by the parties, this matter was submitted on the papers

on November 11, 2015.

On a motion to dismiss, the trial court takes all well-pleaded facts in the complaint to be

true and determines whether, based upon those facts, the complaint states a claim upon which

relief may be granted. Fed. R. Civ. P. 12(b)(6); s*ee Alperin v. Vatican Bank*, 410 F.3d 532, 541

(9th Cir. 2005). To state a claim, the complaint must contain factual assertions which make the

1    claimed relief not merely possible, but "plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009);

2    *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although factual assertions are taken as

3    true, the court does not accept legal conclusions as true. *Id*.

4         Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper only when a complaint

5    exhibits either a "(1) lack of a cognizable legal theory or (2) the absence of sufficient facts alleged

6    under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.

7    1988).  Under the heightened pleading standards of *Twombly* and *Iqbal*, a plaintiff must allege

8    "enough facts to state a claim to relief that is plausible on its face," so that the defendant receives

9    "fair notice of what the…claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at

10   570.  The plaintiff must plead factual content that allows the court to draw the reasonable

11   inference that the defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678.  The

12   court will not accept "threadbare recitals of the elements of a cause of action, supported by mere

13   conclusory statements. . . ."  *Id*.

14        Plaintiffs' Complaint asserts two causes of action: (1) violations of the Telephone

15   Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"); and (2) violation of California Business and

16   Professions Code § 17200 ("UCL"). The TCPA was enacted in 1991 in order to "protect the

17   privacy interests of residential telephone subscribers by placing restrictions on unsolicited,

18   automated telephone calls ... by restricting certain uses of facsimile machines and automatic

19   dialers." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009). Among other

20   things, the TCPA made it unlawful for any person "to make any call using any automatic

21   telephone dialing system ... to any [cellular] telephone number." 47 U.S.C. § 227(b)(1)(A). A text

22   message is a call within the meaning of the act. *Satterfield*, 569 F.3d at 952; *Baird v. Sabre Inc.*,

23   995 F. Supp. 2d 1100, 1101 (C.D. Cal. 2014).

24        Plaintiffs argue that Defendants violated the TCPA because "[i]nstead of obtaining express

25   written consent prior to sending repeated text message solicitations, Microsoft lures potential

26   customers to provide their mobile phone numbers in response to misleading sweepstakes and

27   discount promotions." In a 1992 rulemaking action implementing the TCPA, the FCC ruled that

28   "persons who knowingly release their phone numbers have in effect given their invitation or

2

1    permission to be called at the number which they have given, absent instructions to the contrary.

2    Hence, telemarketers will not violate our rules by calling a number which was provided as one at

3    which the called party wishes to be reached." *In re Rules & Reg's Implementing the Tel. Consumer*

4    *Prot. Act of 1991*, 7 F.C.C.R. 8752, 8769 ¶ 31 (1992). Many federal district courts have relied on

5    the 1992 FCC Order ruling to conclude that plaintiffs who provided a business with their

6    telephone number and then received a text message from the business had no claim under the act.

7    *See, e.g., Emanuel v. Los Angeles Lakers*, 2013 WL 1719035, at *3 (C.D. Cal. Apr. 18, 2013);

8    *Roberts v. PayPal, Inc*., 2013 WL 2384242, at *3-5 (N.D. Cal. May 30, 2013); *Ibey v. Taco Bell*,

9    2012 WL 2401972, at *3 (S.D. Cal. June 18, 2012); *Pinkard v. Wal–Mart Stores*, 2012 WL

10   5511039, at *4-5 (N.D. Ala. Nov. 9, 2012); *Gutierrez v. Barclays Group*, 2011 WL 579238, at *3

11   (S.D. Cal. Feb. 9, 2011); *Baird v. Sabre Inc*., 995 F. Supp. 2d 1100, 1102-03 (C.D. Cal. 2014).

12   This case is no different than those before it.

13         Under the FCC's definition, it is undisputed that Plaintiffs "knowingly release[d]" their

14   cellphone numbers to Microsoft when they participated in the promotional activities. Through

15   such acts, Plaintiffs gave permission to be texted at that number by an automated dialing machine.

16   Plaintiffs do not allege that Defendants, unprompted, began sending text messages directly to their

17   mobile phones. Rather, the allegations are clear that it was Plaintiffs who initiated the receipt of

18   text messages from Microsoft by voluntarily participating in Microsoft promotions. In doing so,

19   Plaintiffs not only unequivocally expressed their interest in learning more about Microsoft's

20   promotional offers, but they also provided their consent to receive that information through text

21   messaging.

22         Plaintiffs' claim under California Business and Professions Code § 17200 is premised

23   entirely on the alleged violation of the federal TCPA and accordingly fails for the reasons

24   explained above. Plaintiffs' UCL claim also fails because they lack standing since they have not

25   suffered any lost money or property. Not only does the UCL incorporate the traditional elements

26   of Article III standing, but it additionally requires that the plaintiff plead an economic injury.

27   *Kwikset Corp. v. Sup. Ct.,* 51 Cal. 4th 310, 322-23 (2011). Under the UCL, a plaintiff suffers an

28   injury in fact when she has "(1) expended money due to the defendants' acts of unfair competition;

3

1    (2) lost money or property; or (3) been denied money to which he has a cognizable claim."

2    *Chacanaca v. Quaker Oats Co.*, 752 F. Supp. 2d 1111, 1125 (N.D. Cal. 2010).

3           Plaintiffs do not allege that they lost money or property, or suffered any economic injury.

4    Rather, Plaintiffs make general and vague allegations such as the receipt of unwanted text

5    messages from Microsoft caused "embarrassment and emotional harm." Plaintiffs go on to allege

6    that "Microsoft's repeated sending of spam text message advertisements . . . has caused [] repeated

7    embarrassment, financial loss, and emotional injury." Such conclusory allegations are insufficient

8    to allege an injury in fact. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Simply stating one suffered

9    financial loss and lost profits, without more, is nothing more than "conjecture," "speculative," and

10   "hypothetical" – the exact type of allegations that fail to establish harm for the purposes of

11   standing. *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 180-81

12   (2000). It is therefore apparent that Plaintiffs cannot allege economic injury in order to establish

13   standing under the UCL.

14          A district court may deny a plaintiff leave to amend if it determines that allegation of other

15   facts consistent with the challenged pleading could not possibly cure the deficiency.  *Telesaurus*

16   *VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).  Even assuming the truth of Plaintiffs'

17   allegations, their claims fail because Microsoft's text messaging program complies with the

18   TCPA. Plaintiffs voluntarily sought specific information about Microsoft promotions, providing

19   both their phone numbers and their express consent to receive that information by texting specific

20   keywords from their mobile phones. There is no cognizable legal theory that could support

21   liability against Defendants, and dismissal with prejudice is appropriate.

22   / / / / / / /

23   / / / / / / /

24   / / / / / / /

25   / / / / / / /

26   / / / / / / /

27   / / / / / / /

28   / / / / / / /

4

1      **IT IS HEREBY ORDERED** that Defendant Microsoft's Motion to Dismiss is

2    GRANTED.  (Dkt. No. 19).

3      **IT IS FURTHER HEREBY ORDERED** that Defendant HelloWorld's Joinder in

4    Defendant Microsoft's Motion to Dismiss is GRANTED for the reasons stated above. (Dkt. No.

5    21) Accordingly, Defendant HelloWorld's Motion to Dismiss is moot. (Dkt. No. 16)

6    Dated: November  17, 2015.

7

8

9

10                              MANUEL L. REAL
                         UNITED STATES DISTRICT JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5